BRINK *v.* BERNE.

(Decided February 20, 1928.)

*Mr. John J. Cooney* and *Mr. W. F. Fox,* for plaintiff in error.

*Mr. W. Donald Hall* and *Mr. Irwin S. Rosenbaum,* for defendant in error.

MILLS, J. Berne and Brink were respectively plaintiff and defendant below, and will be so designated here.

Plaintiff filed his bill of particulars in the municipal court of Cincinnati, in the short form, praying judgment against the defendant in the sum of $734.81, and interest, on an account. Defendant filed a general denial. Section 11334, General Code, provides that:

"In an action, counterclaim, or set-off, founded upon an account, or upon an instrument for the un-

conditional payment of money only, it shall be sufficient for a party to set forth a copy of the account or instrument, with all credits and the indorsements thereon, and to state that *there is due* to him, on such account or instrument, from the adverse party, a specified sum which he claims, with interest.''

Plaintiff merely averred that defendant was ''indebted to'' the plaintiff on said account; but no demurrer was filed by the defendant.

The account sued on reads as follows:

Edward H. Brink, 800 Fourth Nat. Bank Bldg., Cincinnati, Ohio, to J. A. Berne & Co., 318 Sycamore St., Cincinnati, Ohio

Cincinnati, Ohio, April 13, 1926.

| | |
|---|---|
| 1,000 lawyers' directories @ 74c....$740.00 | |
| Gathering sheets.................. | 34.50 |

Credit for books gold edged by the
Methodist Book Concern, 147 books    39.69   $734.81

At the trial below the attorney for the defendant, in his opening statement, said that the goods sued on had been ordered by ''the law publication firm of which defendant was one of the corporate members,'' that the goods had been ordered from a party other than the plaintiff, and that ''the books were not delivered within the days it was expected.''

The only witness below was the plaintiff, who introduced the account in evidence, with his testimony that the goods had been delivered, that the account had been presented to defendant, but that defendant had paid no part thereof. This account was admitted in evidence without objection.

Plaintiff testified that the account was in his account book, that said account book was a book of

original entries, and that the entries therein were made by himself. The account book was not offered in evidence.

Section 11495, General Code, provides:

"6. If the claim or defense is founded on a book account, a party may testify that the book is his account book, that it is a book of original entries, that the entries therein were made in the regular course of business by himself, a person since deceased, or a disinterested person. The book shall then be competent evidence in any case, without regard to the parties, upon like proof by any competent witness."

.. No further evidence was offered by either party, and both parties moved for judgment.

Judgment was thereupon rendered in favor of the plaintiff for the full amount sued upon.

Defendant prosecutes error, claiming that the judgment below should have been for the defendant, because there was a total failure of proof, inasmuch as an account book is evidence "for only quality, quantity, and delivery, but not for value." See *Cram* v. *Spear,* 8 Ohio, 494.

The only question of error stressed here is as to the force and effect of a book of accounts as evidence. We are asked to pass on this question in the face of the fact that no account book was offered in evidence. However needful a ruling on this point may be, the question is not here for our determination.

We are of the opinion, however, that the judgment below was erroneous; for, while the record shows delivery of the articles charged, there is no proof of their exact value. The court will infer that 1,000 "lawyers' directories" were of some value; but we are unwilling to assume that they were worth the

62

full amount claimed in the bill of particulars. Counsel for defendant, in his opening statement, called attention to the want of mutuality of contract, and to the delay in delivery. He will not be precluded from these defenses.

Being of the opinion that the issues in this case were not properly presented in the trial court, we order that the judgment heretofore rendered be set aside, and that this cause be remanded to the court of common pleas of Hamilton county, with instructions to remand the case to the municipal court of Cincinnati for a new trial.

*Judgment set aside; cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.